UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID J. LINDSAY,

        Plaintiff,

vs.                          Case No.  2:06-cv-195-FtM-99SPC

ROBERT R. JACOBS, II, MICHAEL J. ORLANDO, SHANNON L. BROWN and LAURA M. FARRELL,

        Defendants.
_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

This matter comes before the Court upon review of the file. Plaintiff, who is a pretrial detainee and is being held in the Naples County Jail, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983 on April 11, 2006  (Doc. #1).  Plaintiff names as Defendants in this action the following Public Defenders: Robert R. Jacobs, II, Michael J. Orlando, Shannon L. Brown and Laura M. Farrell.  The allegations in the Complaint concern Plaintiff's underlying criminal case (No. 0302581-CFA)  that is currently scheduled for trial and in which Plaintiff  entered a not guilty plea.  Plaintiff makes numerous claims challenging his representation by Defendants including, <u>inter alia</u>,  the right to a speedy trial, right to effective representation, due process and equal protection. Complaint, page 8.  Plaintiff claims that he is being severely prejudiced by Defendants' actions in the defense of his pending criminal matter.  Plaintiff seeks unspecified injunctive and declaratory relief, as well as damages.  Complaint, page 10.

Because Plaintiff seeks to proceed in this action *in forma pauperis* (Doc. #2), the Court is required to review Plaintiff's *pro se* Complaint to determine whether the complaint is frivolous, malicious or fails to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(I)-(iii).  In essence, §1915(e)(2) is a screening process, to be applied sua sponte and at any time during the proceedings.  See 28 U.S.C. §1915(e)(2). The Court, nonetheless, must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972) reh'g denied 405 U.S. 948 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346,(11th Cir. 2001).  Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," Nietzke at 327; when the claims rely on factual allegations which are "clearly baseless" Denton v. Hernandez, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success.  Bilal, at 1349.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by, Daniels v. Williams, 474 U.S. 327 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd by, Zinermon v. Burch, 494 U.S. 113 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995)

Assuming for purposes of review of the Complaint that Plaintiff could prove that any of the Defendants committed any of alleged improprieties, Plaintiff's claim is fatally flawed because the Complaint fails to meet the requirements of a Section 1983 action because none of the Defendants are not "persons" "acting under of color of state law" for the purposes of the statute. Significantly, the United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County, et al. v. Dodson, 454 U.S. 312, 325 (1981) (footnote omitted).

To the extent that Plaintiff, as a pretrial detainee, wishes to challenge ongoing criminal charges pending against him he is

required to brings an action under 28 U.S.C. §2241.  <u>Stringer v. Williams</u>, 161 F.3d 259, 262 (5th Cir. 1998).  The Court notes that Plaintiff filed a §2241 petition on the Court's docket on May 23, 2006.  <u>See</u> Case No. 2:06-cv-259.

The Court, in viewing the facts alleged in the light most favorable to Plaintiff, concludes that no relief could be granted against these Defendants under any set of facts that could be proved consistent with the allegations in Plaintiff's Complaint.  <u>Lewis v. City of St. Petersburg</u>, 260 F.3d 1260, 1262 (11th Cir. 2001) (citing <u>Hishon v. King & Spaulding</u>, 467 U.S. 69, 73 (1984)).  Thus, for the reasons stated above, Plaintiff has failed to state a cognizable claim under § 1983 and consequently, this case will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

ACCORDINGLY, it is now

**ORDERED**:

1.  Plaintiff's Complaint is **DISMISSED**, WITHOUT PREJUDICE, for failure to state a claim upon which the Court can grant relief.

2.  The **Clerk of the Court** shall: (1) enter judgment accordingly; (2) terminate any motions; and (3) close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __22nd__ day of June, 2006.

_/s/ John E. Steele_
JOHN E. STEELE
United States District Judge

SA:   hmk
Copies: All Parties of Record